# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
## ALEXANDRIA DIVISION

|  |  |
|---|---|
| KOHEI TAGAWA, Individually and on Behalf of All Others Similarly Situated,<br><br>               Plaintiffs,<br><br>   v.<br><br>SPIRE GLOBAL, INC., PETER PLATZER, THOMAS KRYWE, and LEONARDO BASOLA,<br><br>               Defendants. | Case No.  1:24-cv-1808<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>**DEMAND FOR JURY TRIAL** |

**TABLE OF CONTENTS**

Page

I.      NATURE OF THE ACTION AND OVERVIEW ............................................................ 1

II.     JURISDICTION AND VENUE ................................................................................. 3

III.    PARTIES ................................................................................................................ 4

IV.     SUBSTANTIVE ALLEGATIONS ............................................................................ 5

        A.      Background ............................................................................................... 5

        B.      Materially False and Misleading Statements Issued During the
                Class Period ............................................................................................. 5

        C.      Disclosures at the End of the Class Period ............................................. 13

V.      CLASS ACTION ALLEGATIONS ......................................................................... 16

VI.     UNDISCLOSED ADVERSE FACTS ...................................................................... 17

VII.    LOSS CAUSATION ............................................................................................... 18

VIII.   SCIENTER ALLEGATIONS .................................................................................. 19

IX.     APPLICABILITY OF PRESUMPTION OF RELIANCE ......................................... 19

X.      NO SAFE HARBOR ............................................................................................. 21

FIRST CLAIM FOR RELIEF Violation of Section 10(b) of The Exchange Act
        and Rule 10b-5 Promulgated Thereunder ......................................................... 22

SECOND CLAIM FOR RELIEF Violation of Section 20(a) of The Exchange Act .................. 25

PRAYER FOR RELIEF .................................................................................................. 26

JURY TRIAL DEMANDED ........................................................................................... 27

000700-00/2755446 V1

Plaintiff Kohei Tagawa ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys, alleges the following upon information and belief, except as to those allegations concerning Plaintiff, which are alleged upon personal knowledge. Plaintiff's information and belief is based upon, among other things, his counsel's investigation, which includes without limitation: (a) review and analysis of regulatory filings made by Spire Global, Inc. ("Spire Global" or the "Company") with the United States ("U.S.") Securities and Exchange Commission ("SEC"); (b) review and analysis of press releases and media reports issued by and disseminated by Spire Global; and (c) review of other publicly available information concerning Spire Global.

## I.     NATURE OF THE ACTION AND OVERVIEW

1.     This is a class action on behalf of persons and entities that purchased or otherwise acquired Spire Global securities between May 11, 2022 and August 27, 2024, inclusive (the "Class Period"). Plaintiff pursues claims against the Defendants under the Securities Exchange Act of 1934 (the "Exchange Act").

2.     Spire Global is a provider of satellite data, analytics and services. The Company operates a proprietary constellation of multi-purpose nanosatellites and provides subscription access to its data for a range of commercial applications such as shipping vessel monitoring, aviation guidance, and weather forecasting. The Company's offering also includes "Space Services" which allows customers to deploy their own applications and sensors via satellite.

3.     During the Class Period, Defendant Spire Global and senior management identified below as the Individual Defendants repeatedly assured investors that Spire's financial statements, including without limitation revenue recognition, were prepared in conformity with applicable accounting rules and that the Company's internal controls over financial reporting were adequate.

4.      But, on August 14, 2024, after the market closed, the Company announced it would be unable to timely file its second quarter 2024 financial report as the Company was "reviewing its accounting practices and procedures with respect to revenue recognition" regarding certain Space Services contracts and "related internal control matters." The Company disclosed the "type of Contracts that the Company has identified for re-evaluation resulted in recognized revenue of $10 to $15 million on an annual basis" and "additional financial measures such as gross profit could also be impacted."

5.      On this news, the Company's share price fell $3.41 or 33.56%, to close at $6.75 per share on August 15, 2024, on unusually heavy trading volume.

6.      Then, after the market closed on August 27, 2024, the Company announced that investors should no longer rely on its previously issued financial statements beginning with its financial statements for the quarter ended March 31, 2022, originally released on May 11, 2022. The Company revealed the need to restate its financial statements as of and for (a) the quarters and nine months ended September 30, 2022 and 2023, (b) the quarters and six months ended June 30, 2022 and 2023, (c) the quarters ended March 31, 2022, 2023, and 2024, and (d) the years ended December 31, 2022 and 2023. The Company said that it needed "to remove certain pre-space mission activity revenue," and "record that revenue over the period in which data is delivered."

7.      On this news, the Company's share price fell $0.12 or about 2%.

8.      Throughout the Class Period, Defendants made false and misleading statements and failed to disclose to investors that, since Spire's quarter ended March 31, 2022, the Company: (1) filed financial statements that were not prepared in conformity with generally accepted accounting principles including, without limitation, principles applicable to proper revenue recognition; (2) filed Sarbanes-Oxley certifications falsely claiming that: (a) Spire's financial

statements did not contain untrue statements of material facts or omitted to state material facts necessary to make the statements made, in light of the circumstances under which such statements were made, not misleading with respect to the periods covered its financial reports; and (b) had disclosure controls and procedures and internal control over financial reporting that did not provide reasonable assurance regarding the reliability of its financial reporting and the preparation of financial statements for external purposes; (3) faced the likelihood of having to restate its financial statements to remove certain previously recorded pre-space mission activity revenue from the period in which pre-space mission activities were performed under certain contracts, and instead, record that revenue over the period in which data is delivered; and (4) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

9. As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## II. JURISDICTION AND VENUE

10. The claims asserted herein arise under Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. § 240.10b-5).

11. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and Section 27 of the Exchange Act (15 U.S.C. § 78aa).

12. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) and Section 27 of the Exchange Act (15 U.S.C. § 78aa(c)). Substantial acts in furtherance of the alleged fraud or the effects of the fraud have occurred in this Judicial District. Many of the acts charged herein, including the dissemination of materially false and/or misleading information, occurred in

substantial part in this Judicial District. In addition, the Company's principal executive offices are located within this District.

13.    In connection with the acts, transactions, and conduct alleged herein, Defendants directly and indirectly used the means and instrumentalities of interstate commerce, including the United States mail, interstate telephone communications, and the facilities of a national securities exchange.

### III.    PARTIES

14.    Plaintiff Kohei Tagawa, as set forth in the accompanying certification, incorporated by reference herein, purchased Spire Global securities during the Class Period, and suffered damages as a result of the federal securities law violations and false and/or misleading statements and/or material omissions alleged herein.

15.    Defendant Spire Global is incorporated under the laws of Delaware with its principal executive offices located in Vienna, Virginia. Spire Global's common stock trades on the New York Stock Exchange under the symbol "SPIR."

16.    Defendant Peter Platzer ("Platzer") was the Company's Chief Executive Officer ("CEO") at all relevant times.

17.    Defendant Thomas Krywe ("Krywe") was the Company's Chief Financial Officer ("CFO") until his departure on August 16, 2023.

18.    Defendant Leonardo Basola ("Basola") was appointed as the Company's Chief Financial Officer effective August 16, 2023.

19.    Defendants Platzer, Krywe, and Basola (together, the "Individual Defendants"), because of their positions with the Company, possessed the power and authority to control the contents of the Company's reports to the SEC, press releases and presentations to securities analysts, money and portfolio managers and institutional investors, i.e., the market. The Individual

Defendants were provided with copies of the Company's reports and press releases alleged herein to be misleading prior to, or shortly after, their issuance and had the ability and opportunity to prevent their issuance or cause them to be corrected. Because of their positions and access to material non-public information available to them, the Individual Defendants knew that the adverse facts specified herein had not been disclosed to, and were being concealed from, the public, and that the positive representations which were being made were then materially false and/or misleading. The Individual Defendants are liable for the false statements pleaded herein.

## IV.     SUBSTANTIVE ALLEGATIONS

### A.     Background

20.     Spire Global is a provider of satellite data, analytics and services. The Company operates a proprietary constellation of multi-purpose nanosatellites and provides subscription access to its data for a range of commercial applications such as shipping vessel monitoring, aviation guidance, and weather forecasting. The Company's offering also includes "Space Services" which allows customers to deploy their own applications and sensors via satellite.

### B.     Materially False and Misleading Statements Issued During the Class Period

21.     The Class Period begins on May 11, 2022, when Spire Global issued a press release on Form 8-K announcing its Q1 2022 financial results. The Company said in part that: (a) "First quarter 2022 revenue increased 86% year over year to $18.1 million, which topped the high end of our guidance of $17.5 million, and was driven by increased adoption by existing customers and recent new customer additions[;]" (b) "As of March 31, 2022, ARR [annual recuring revenue] was $81.6 million, up 134% year over year, which exceeded the high end of our guidance. Key wins in Weather and Space Services drove the $10.9 million of sequential quarter over quarter growth[;]" (c) "First quarter GAAP operating loss was $20.0 million and Non-GAAP operating loss[] was better than guidance by $2.0 million at $12.8 million. Outperformance in the quarter

was the result of strong revenue flowing through to margin and lower headcount-related spending. As Spire continues to make investments in future growth, the focus remains on driving efficiencies in the business to reach profitability."

22.     Commenting on Spire's Q1 2022 results, Defendant Platzer said "[t]he first quarter was defined by strong execution, delivering results that exceeded our expectations on the top and bottom line." Defendant Krywe said "[t]he first quarter was another outstanding quarter of execution that carried forward our momentum from the end of last year."

23.     Spire also filed its financial statements on Form 10-Q for the quarter ended March 31, 2022 (the "1Q22 Report") on May 11, 2022. The 1Q22 Report attached Sarbanes-Oxley certifications by Defendants Platzer and Krywe assuring investors that "this report does not contain any untrue statement of a material fact or omit to state a material fact necessary to make the statements made, in light of the circumstances under which such statements were made, not misleading with respect to the period covered by this report." The certifications also assured investors that Spire's disclosure controls and procedures and internal control over financial reporting "provide[s] reasonable assurance regarding the reliability of financial reporting and the preparation of financial statements for external purposes in accordance with generally accepted accounting principles."

24.     On August 10, 2022, Spire issued a press release on Form 8-K announcing its Q2 2022 financial results. The Company said in part that: (a) "Second quarter 2022 revenue increased 113% year-over-year to $19.4 million, which topped the high end of our guidance of $19.2 million, and was driven by increased adoption by existing customers and recent new customer additions[;]" (b) "As of June 30, 2022, annual recurring revenue increased 133% to $85.3 million, with 692 annual recurring revenue solution customers" and "This is a net increase of 65 customers for the

quarter and 27 customers over the high end of our Q2 guidance range[;]" (c) "Second quarter GAAP operating loss was $16.4 million and non-GAAP operating loss[] was better than our guidance by $1.9 million at a loss of $10.1 million[,]" "Outperformance in the quarter was the result of strong revenue flowing through to margin and lower headcount-related spending[,]" and "As Spire continues to make investments in future growth, the focus remains on driving efficiencies in the business to reach profitability."

25. Commenting on Spire's Q2 2022 results, Defendant Platzer said "The achievements in the second quarter highlight our continued execution across the business. We again delivered results that were better than expected on both the top and bottom line." Defendant Krywe said "We successfully executed on our 'land and expand' strategy in the second quarter, adding new solution customers and increasing revenue growth from our existing customers."

26. Spire also filed its financial statements on Form 10-Q for the quarter ended June 30, 2022 (the "2Q22 Report") on August 10, 2022. The 2Q22 Report attached Sarbanes-Oxley certifications by Defendants Platzer and Krywe assuring investors of the same matters alleged in Paragraph 23 above.

27. On November 7, 2022, Spire filed its amended restated financial statements on Form 10-Q/As for the quarter ended March 31, 2022 (the "1Q22/A Report") and the quarter and six months ended June 30, 2022 (the "2Q22/A Report"). The Company reported in its 1Q22/A Report that its previously reported net loss for the quarter ended March 31, 2022 was overstated by approximately $6.4 million. The Company reported in its 2Q22/A Report that its previously reported net losses for the quarter and six months ended June 30, 2022 were overstated by approximately $2.2 million and $8.6 million, respectively.

000700-00/2755446 V1

28.     Each of the 1Q22/A and 2Q22/A Reports attached Sarbanes-Oxley certifications by Defendants Platzer and Krywe assuring investors of the same matters alleged in Paragraph 23 above.

29.     On November 9, 2022, Spire issued a press release on Form 8-K announcing its Q3 2022 financial results. The Company said in part that: (a) "Third quarter 2022 revenue increased 114% year-over-year to a record $20.4 million, achieving the high end of guidance[]" and "This was driven by new customer additions as well as increased adoption by existing customers[;]" (b) "As of September 30, 2022, annual recurring revenue (ARR) was $98.1 million, an increase of $12.8 million sequentially and 117% year-over-year, indicating the continued success of our land and expand strategy[;]" and (c) "Third quarter GAAP operating loss was $16.4 million and non-GAAP operating loss[ ] was $11.4 million as we continued to execute on our path to profitability."_

30.     On November 10, 2022, Spire filed its financial statements on Form 10-Q for the quarter ended September 30, 2022 (the "3Q22 Report"). The 3Q22 Report attached Sarbanes-Oxley certifications by Defendants Platzer and Krywe assuring investors of the same matters alleged in Paragraph 23 above.

31.     On March 8, 2023, Spire issued a press release on Form 8-K announcing its Q4 and FY 2022 financial results. The Company said in part that: (a) "Fourth quarter 2022 revenue increased 49% year-over-year to a record $22.4 million[]" and "This was driven by new customer additions as well as increased adoption by existing customers[;]" (b) "As of December 31, 2022, annual recurring revenue (ARR) was $99.4 million, an increase of 41% year-over-year[;]" (c) "ARR net retention rate for full fiscal year 2022 was 117%, up from 110% for the full fiscal year 2021, indicating the continued success of our land and expand strategy[;]" and (d) "Fourth quarter GAAP operating loss[ ]was $16.3 million, an improvement of $7.7 million year-over-year, and

non-GAAP operating loss was $10.2 million as we continued to execute on our path to profitability."

32.     On March 15, 2023, Spire filed its financial statements on Form 10-K for the quarter and year ended December 31, 2022 (the "FY22 Report"). The FY22 Report attached Sarbanes-Oxley certifications by Defendants Platzer and Krywe assuring investors of the same matters alleged in Paragraph 23 above.

33.     On May 10, 2023, Spire issued a press release on Form 8-K announcing its Q1 2023 financial results. The Company said in part that: (a) "First quarter 2023 revenue increased 34% year-over-year to a record $24.2 million, which exceeded our expectations[]" and "Revenue growth was driven by new customer additions as well as increased adoption by existing customers[;]" (b) "As of March 31, 2023, we surpassed $100 million of annual recurring revenue (ARR) by reaching $104.8 million, an increase of 28% from our ARR as of March 31, 2022[;]" (c) "First quarter GAAP operating loss was $14.5 million, an improvement of $5.5 million year-over-year. Non-GAAP operating loss[ ]was $9.8 million, a $3.0 million improvement year-over-year and better than our expectations as we continued to execute on our path to profitability."

34.     Spire also filed its financial statements on Form 10-Q for the quarter ended March 31, 2023 (the "1Q23 Report") on May 10, 2023. The 1Q23 Report attached Sarbanes-Oxley certifications by Defendants Platzer and Krywe assuring investors of the same matters alleged in Paragraph 23 above.

35.     On August 9, 2023, Spire issued a press release on Form 8-K announcing its Q2 2023 financial results. The Company said in part that: (a) "Second quarter 2023 revenue increased 37% year-over-year to a record $26.5 million, which exceeded the midpoint of our expectations by $2.0 million[]" and "Revenue growth was driven by new customer additions as well as

increased adoption by existing customers[;]" (b) "Spire added $8.0 million of annual recurring revenue (ARR) during the quarter and had ARR of $112.8 million as of June 30, 2023, an increase of 32% from our ARR as of June 30, 2022[;]"(c) "Second quarter 2023 GAAP operating loss was $11.0 million, an improvement of $5.4 million year-over-year[;]" (c) "Non-GAAP operating loss[] was $6.1 million, a $4.0 million improvement year-over-year and $3.2 million better than the midpoint of our expectations, reflecting strong execution on our path to profitability[;]" (d) "Second quarter 2023 net loss was $16.3 million, a 57% year-over-year improvement from net loss of $38.3 million[;] and (e) "Adjusted EBITDA loss was $3.0 million, or negative 11% of revenue, for second quarter 2023, a sequential quarter-over-quarter improvement of $3.7 million that exceeded the midpoint of our expectations by $2.9 million."

36.     Spire also filed its financial statements on Form 10-Q for the quarter ended June 30, 2023 (the "2Q23 Report") on August 9, 2023. The 2Q23 Report attached Sarbanes-Oxley certifications by Defendants Platzer and Krywe assuring investors of the same matters alleged in Paragraph 23 above.

37.     On November 8, 2023, Spire issued a press release on Form 8-K announcing its Q3 2023 financial results. The Company said in part that: (a) "Third quarter 2023 revenue increased 34% year-over-year to a record $27.3 million, which exceeded the top end of our expectations by $0.3 million[;]" (b) "Revenue growth was driven by new customer additions as well as increased milestone-based projects[;]" (c) "Third quarter 2023 GAAP operating loss was $11.0 million, an improvement of $5.4 million year-over-year, and non-GAAP operating loss[] was $6.2 million, a $5.2 million improvement year-over-year[;]" (d) "We believe these results reflect strong execution on our path to profitability[;]" (e) "Third quarter 2023 net loss was $17.8 million, a $4.0 million

year-over-year improvement[;] and (f) "Adjusted EBITDA loss was $3.4 million, for third quarter 2023, a $5.0 million or 60% improvement year-over-year."

38.    Spire also filed its financial statements on Form 10-Q for the quarter ended September 30, 2023 (the "3Q23 Report") on November 8, 2023. The 3Q23 Report attached Sarbanes-Oxley certifications by Defendants Platzer and Basola assuring investors of the same matters alleged in Paragraph 23 above.

39.    On March 6, 2024, Spire issued a press release on Form 8-K announcing its financial results for Q4 and FY 2023. The Company said in part that: (a) "Fourth quarter 2023 revenue was $27.7 million, representing the 10th consecutive quarter of record revenue[;]" (b) "Full year 2023 revenue was $105.7 million, representing 32% year-over-year growth, and meeting our objective of over 30% annual revenue growth[;]" (c) "Fourth quarter 2023 U.S. generally accepted accounting principles ("GAAP") operating loss was $8.2 million, a 50% improvement year-over-year, and full year 2023 GAAP operating loss was $44.6 million, a 35% improvement[;]" (d) "Fourth quarter 2023 non-GAAP operating loss was $3.6 million, a 65% improvement year-over-year and above the high end of our guidance range[;] (e) "Full year 2023 non-GAAP operating loss was $25.8 million, a 42% improvement year-over-year[;]" (f) "We believe these results reflect strong execution on our path to profitability[;]" (g) "Fourth quarter 2023 net loss was $12.2 million, a $5.3 million year-over-year improvement[;]" and(h) "Adjusted EBITDA for the fourth quarter 2023 was positive $2.1 million, a $9.4 million improvement year-over-year and over $1 million above the high end of our guidance range."

40.    Spire also filed its financial statements on Form 10-K for the quarter and year ended December 31, 2023 (the "FY23 Report") on March 6, 2024. The FY23 Report attached Sarbanes-

Oxley certifications by Defendants Platzer and Basola assuring investors of the same matters alleged in Paragraph 23 above.

41. On May 15, 2024, Spire issued a press release on Form 8-K announcing its financial results for Q1 2024. The Company said in part that: (a) "First quarter 2024 revenue was $25.7 million, representing 6% year-over-year growth[;] (b) "First quarter 2024 U.S. generally accepted accounting principles ("GAAP") operating loss was $11.9 million, an 18% improvement year-over-year[;]" (c) "First quarter 2024 non-GAAP operating loss[] was $7.0 million, a 28% improvement year-over-year[;]" (d) "First quarter 2024 net loss was $25.2 million, a 43% decline year-over-year, and adjusted EBITDA[] was negative $1.1 million, reflecting an 84% improvement year-over-year[;] and (e) "As of March 31, 2024, the remaining performance obligations under contract not yet recognized as revenue was $195.7 million[]" and "The Company expects to recognize approximately 42% of these future commitments over the next 12 months."

42. Spire Global also filed its financial statements on Form 10-Q for the quarter ended March 31, 2024 (the "1Q24 Report") on May 15, 2024. The 1Q24 Report attached Sarbanes-Oxley certifications by Defendants Platzer and Basola assuring investors of the same matters alleged in Paragraph 23 above.

43. The above statements identified in ¶¶ 21-42 were materially false and/or misleading and failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants made false and misleading statements and failed to disclose to investors that, since Spire's quarter ended March 31, 2022, the Company: (1) filed  financial statements that were not prepared in conformity with generally accepted accounting principles including, without limitation, principles applicable to proper revenue recognition; (2) filed Sarbanes-Oxley certifications falsely claiming that: (a) Spire's financial statements did not contain

untrue statements of material facts or omitted to state material facts necessary to make the statements made, in light of the circumstances under which such statements were made, not misleading with respect to the periods covered its financial reports; and (b) had disclosure controls and procedures and internal control over financial reporting that did not provide reasonable assurance regarding the reliability of its financial reporting and the preparation of financial statements for external purposes; (3) faced the likelihood of having to restate its financial statements to remove certain previously recorded pre-space mission activity revenue from the period in which pre-space mission activities were performed under certain contracts, and instead, record that revenue over the period in which data is delivered; and (4) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

## C.     The Truth Emerges

44.     Contrary to Defendants' Class Period assurances, investors began to learn the truth on August 14, 2024 after the market closed, when Spire filed a notification of late filing on a Form NT 10-Q with the SEC. The Company disclosed that it could not timely file its second quarter 2024 financial report and revealed it was "reviewing its accounting practices and procedures with respect to revenue recognition" as it related to certain Space Services contracts and "related internal control matters."

45.     Spire stated, in relevant part that it "in the process of reviewing its accounting practices and procedures with respect to revenue recognition related to certain contracts in its 'Space as a Service'" business relating "to the potential existence of embedded leases of identifiable assets in the [c]ontracts and the related recognition of revenue for pre-space mission activities." Spire also revealed it was "considering any related internal control matters associated with the [c]ontracts[,]" suggested it may be required to restate or revise its previously issued

financial statements, and said "the type of [c]ontracts that the Company has identified for re-evaluation resulted in recognized revenue of approximately $10 to $15 million on an annual basis."

46.     On this news, the Company's share price fell $3.41 or 33.56%, to close at $6.75 per share on August 15, 2024, on unusually heavy trading volume.

47.     Then, on August 27, 2024, after the market closed, Spire filed a Form 8-K admitting that problems with its previously filed financial statements went back to its 1Q22 Report originally released on May 11, 2022 and advised investors that they should no longer rely on previously filed 1Q22, 2Q22, 3Q22, FY22, 1Q23, 2Q23, 3Q23, FY23, and 1Q24 Reports. The Company said it would restate these reports and, more specifically, disclosed:

> **Item 4.02 Non-Reliance on Previously Issued Financial Statements or a Related Audit Report or Completed Interim Review**.
>
> As previously disclosed in the Company's Form 12b-25 filed with the SEC on August 14, 2024, the Company has been reviewing its accounting practices and procedures with respect to revenue recognition related to certain contracts in its "Space as a Service" business (the "Contracts") under applicable accounting standards and guidance. The Company has retained technical accounting experts to help examine and make recommendations regarding the potential existence of embedded leases of identifiable assets in the Contracts and the recognition of revenue and related costs for pre-space mission activities under such Contracts.
>
> The Company is reviewing the potential existence of embedded leases of identifiable assets in the Contracts at this time. Separately from this ongoing review, the Company has determined that its accounting for these Contracts, including primarily revenue and cost recognition timing for pre-space mission activities, was incorrect and that certain previously issued financial statements need to be restated to remove certain previously recorded pre-space mission activity revenue from the period in which pre-space mission activities were performed under the Contracts, and instead, record that revenue over the period in which data is delivered. As a result of this determination and the ongoing review of the item disclosed above, the preparation of the Company's condensed consolidated financial statements as of June 30, 2024 and for the three and six months ended June 30, 2024, will require additional time to complete.

In connection with this evaluation, on August 23, 2024, the audit committee of the board of directors of the Company, after discussion with the Company's management and with PricewaterhouseCoopers LLP ("PwC"), concluded that the following should no longer be relied upon: (a) the Company's previously issued unaudited condensed consolidated financial statements as of and for (i) the quarters and nine months ended September 30, 2023 and 2022, (ii) the quarters and six months ended June 30, 2023 and 2022, and (iii) the quarters ended March 31, 2024, 2023 and 2022, and (b) the Company's previously issued audited consolidated financial statements as of and for the years ended December 31, 2023 and 2022 (collectively, the "Affected Periods"), filed with the SEC in the respective Quarterly Reports on Form 10-Q for such quarterly periods (the "Form 10-Qs") and in the Annual Reports on Form 10-K (the "Form 10-Ks") for such years and included in any reports, related earnings releases, investor presentations or similar communications of the Company's financial results. Based on its review of the Affected Periods to date, the Company plans to restate its consolidated financial statements for the Affected Periods and include them in one or more amended periodic reports (the "Amended Filings") to be filed with the SEC. The Company is working to complete its review and such restatements as soon as practicable and currently expects to be able to file the Amended Filings and the Q2 2024 Form 10-Q within the six-month period provided by the NYSE.

In addition, the Company's management is in the process of evaluating whether the matter discussed above will result in the identification of additional material weaknesses in the Company's internal control over financial reporting. Management's conclusions regarding the impacts of the matter discussed above on the Company's internal control over financial reporting will be included in the Amended Filings.

While the Company's review is ongoing, at the time of filing this Current Report on Form 8-K, the type of Contracts that the Company has identified for re-evaluation and restatement resulted in recognized revenue currently estimated to be $10 to $15 million on an annual basis. Depending on the results of the review, additional financial measures such as gross profit could also be impacted. However, the Company believes that the restatement of its revenue recognition for these Contracts will not impact the Company's overall cash flows for any period.

The audit committee and the Company's management have discussed the matters disclosed in this Current Report on Form 8-K with PwC.

000700-00/2755446 V1

## V.    CLASS ACTION ALLEGATIONS

48.    Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a class, consisting of all persons and entities that purchased or otherwise acquired Spire Global securities between May 11, 2022 and August 27, 2024, inclusive, and who were damaged thereby (the "Class"). Excluded from the Class are Defendants, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest.

49.    The members of the Class are so numerous that joinder of all members is impracticable. Throughout the Class Period, Spire Global's shares actively traded on the New York Stock Exchange. While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff believes that there are at least hundreds or thousands of members in the proposed Class. Millions of Spire Global shares were traded publicly during the Class Period on the New York Stock Exchange. Record owners and other members of the Class may be identified from records maintained by Spire Global or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

50.    Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

51.    Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation.

52.     Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

(a)     whether the federal securities laws were violated by Defendants' acts as alleged herein;

(b)     whether statements made by Defendants to the investing public during the Class Period omitted and/or misrepresented material facts about the business, operations, and prospects of Spire Global; and

(c)     to what extent the members of the Class have sustained damages and the proper measure of damages.

53.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation makes it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

## VI.     UNDISCLOSED ADVERSE FACTS

54.     The market for Spire Global's securities was open, well-developed and efficient at all relevant times. As a result of these materially false and/or misleading statements, and/or failures to disclose, Spire Global's securities traded at artificially inflated prices during the Class Period. Plaintiff and other members of the Class purchased or otherwise acquired Spire Global's securities relying upon the integrity of the market price of the Company's securities and market information relating to Spire Global, and have been damaged thereby.

55.     During the Class Period, Defendants materially misled the investing public, thereby inflating the price of Spire Global's securities, by publicly issuing false and/or misleading

statements and/or omitting to disclose material facts necessary to make Defendants' statements, as set forth herein, not false and/or misleading. The statements and omissions were materially false and/or misleading because they failed to disclose material adverse information and/or misrepresented the truth about Spire Global's business, operations, and prospects as alleged herein.

56.     At all relevant times, the material misrepresentations and omissions particularized in this Complaint directly or proximately caused or were a substantial contributing cause of the damages sustained by Plaintiff and other members of the Class. As described herein, during the Class Period, Defendants made or caused to be made a series of materially false and/or misleading statements about Spire Global's financial well-being and prospects. These material misstatements and/or omissions had the cause and effect of creating in the market an unrealistically positive assessment of the Company and its financial well-being and prospects, thus causing the Company's securities to be overvalued and artificially inflated at all relevant times. Defendants' materially false and/or misleading statements during the Class Period resulted in Plaintiff and other members of the Class purchasing the Company's securities at artificially inflated prices, thus causing the damages complained of herein when the truth was revealed.

## VII.     LOSS CAUSATION

57.     Defendants' wrongful conduct, as alleged herein, directly and proximately caused the economic loss suffered by Plaintiff and the Class.

58.     During the Class Period, Plaintiff and the Class purchased Spire Global's securities at artificially inflated prices and were damaged thereby. The price of the Company's securities significantly declined when the misrepresentations made to the market, and/or the information alleged herein to have been concealed from the market, and/or the effects thereof, were revealed, causing investors' losses.

## VIII.  SCIENTER ALLEGATIONS

59.     As alleged herein, Defendants acted with scienter since Defendants knew that the public documents and statements issued or disseminated in the name of the Company were materially false and/or misleading; knew that such statements or documents would be issued or disseminated to the investing public; and knowingly and substantially participated or acquiesced in the issuance or dissemination of such statements or documents as primary violations of the federal securities laws. As set forth elsewhere herein in detail, the Individual Defendants, by virtue of their receipt of information reflecting the true facts regarding Spire Global, their control over, and/or receipt and/or modification of Spire Global's allegedly materially misleading misstatements and/or their associations with the Company which made them privy to confidential proprietary information concerning Spire Global, participated in the fraudulent scheme alleged herein.

## IX.     APPLICABILITY OF PRESUMPTION OF RELIANCE (FRAUD-ON-THE-MARKET DOCTRINE)

60.     The market for Spire Global's securities was open, well-developed and efficient at all relevant times. As a result of the materially false and/or misleading statements and/or failures to disclose, Spire Global's securities traded at artificially inflated prices during the Class Period. On March 20, 2024, the Company's share price closed at a Class Period high of $17.47 per share. Plaintiff and other members of the Class purchased or otherwise acquired the Company's securities relying upon the integrity of the market price of Spire Global's securities and market information relating to Spire Global, and have been damaged thereby.

61.     During the Class Period, the artificial inflation of Spire Global's shares was caused by the material misrepresentations and/or omissions particularized in this Complaint causing the damages sustained by Plaintiff and other members of the Class. As described herein, during the Class Period, Defendants made or caused to be made a series of materially false and/or misleading

statements about Spire Global's business, prospects, and operations. These material misstatements and/or omissions created an unrealistically positive assessment of Spire Global and its business, operations, and prospects, thus causing the price of the Company's securities to be artificially inflated at all relevant times, and when disclosed, negatively affected the value of the Company shares. Defendants' materially false and/or misleading statements during the Class Period resulted in Plaintiff and other members of the Class purchasing the Company's securities at such artificially inflated prices, and each of them has been damaged as a result.

62.     At all relevant times, the market for Spire Global's securities was an efficient market for the following reasons, among others:

(a)     Spire Global shares met the requirements for listing, and was listed and actively traded on the New York Stock Exchange, a highly efficient and automated market;

(b)     As a regulated issuer, Spire Global filed periodic public reports with the SEC and/or the New York Stock Exchange;

(c)     Spire Global regularly communicated with public investors via established market communication mechanisms, including through regular dissemination of press releases on the national circuits of major newswire services and through other wide-ranging public disclosures, such as communications with the financial press and other similar reporting services; and/or

(d)     Spire Global was followed by securities analysts employed by brokerage firms who wrote reports about the Company, and these reports were distributed to the sales force and certain customers of their respective brokerage firms. Each of these reports was publicly available and entered the public marketplace.

63.     As a result of the foregoing, the market for Spire Global's securities promptly digested current information regarding Spire Global from all publicly available sources and

reflected such information in Spire Global's share price. Under these circumstances, all purchasers of Spire Global's securities during the Class Period suffered similar injury through their purchase of Spire Global's securities at artificially inflated prices and a presumption of reliance applies.

64. A Class-wide presumption of reliance is also appropriate in this action under the Supreme Court's holding in *Affiliated Ute Citizens of Utah v. United States*, 406 U.S. 128 (1972), because the Class's claims are, in large part, grounded on Defendants' material misstatements and/or omissions. Because this action involves Defendants' failure to disclose material adverse information regarding the Company's business operations and financial prospects—information that Defendants were obligated to disclose—positive proof of reliance is not a prerequisite to recovery. All that is necessary is that the facts withheld be material in the sense that a reasonable investor might have considered them important in making investment decisions. Given the importance of the Class Period material misstatements and omissions set forth above, that requirement is satisfied here.

## X.    NO SAFE HARBOR

65. The statutory safe harbor provided for forward-looking statements under certain circumstances does not apply to any of the allegedly false statements pleaded in this Complaint. The statements alleged to be false and misleading herein all relate to then-existing facts and conditions. In addition, to the extent certain of the statements alleged to be false may be characterized as forward looking, they were not identified as "forward-looking statements" when made and there were no meaningful cautionary statements identifying important factors that could cause actual results to differ materially from those in the purportedly forward-looking statements. In the alternative, to the extent that the statutory safe harbor is determined to apply to any forward-looking statements pleaded herein, Defendants are liable for those false forward-looking statements because at the time each of those forward-looking statements was made, the speaker

had actual knowledge that the forward-looking statement was materially false or misleading, and/or the forward-looking statement was authorized or approved by an executive officer of Spire Global who knew that the statement was false when made.

## FIRST CLAIM FOR RELIEF

### Violation of Section 10(b) of The Exchange Act and
### Rule 10b-5 Promulgated Thereunder
### <u>Against All Defendants</u>

66. Plaintiff repeats and re-alleges each and every allegation contained above as if fully set forth herein.

67. During the Class Period, Defendants carried out a plan, scheme and course of conduct which was intended to and, throughout the Class Period, did: (i) deceive the investing public, including Plaintiff and other Class members, as alleged herein; and (ii) cause Plaintiff and other members of the Class to purchase Spire Global's securities at artificially inflated prices. In furtherance of this unlawful scheme, plan and course of conduct, Defendants, and each defendant, took the actions set forth herein.

68. Defendants (i) employed devices, schemes, and artifices to defraud; (ii) made untrue statements of material fact and/or omitted to state material facts necessary to make the statements not misleading; and (iii) engaged in acts, practices, and a course of business which operated as a fraud and deceit upon the purchasers of the Company's securities in an effort to maintain artificially high market prices for Spire Global's securities in violation of Section 10(b) of the Exchange Act and Rule 10b-5. All Defendants are sued either as primary participants in the wrongful and illegal conduct charged herein or as controlling persons as alleged below.

69. Defendants, individually and in concert, directly and indirectly, by the use, means or instrumentalities of interstate commerce and/or of the mails, engaged and participated in a

continuous course of conduct to conceal adverse material information about Spire Global's financial well-being and prospects, as specified herein.

70. Defendants employed devices, schemes and artifices to defraud, while in possession of material adverse non-public information and engaged in acts, practices, and a course of conduct as alleged herein in an effort to assure investors of Spire Global's value and performance and continued substantial growth, which included the making of, or the participation in the making of, untrue statements of material facts and/or omitting to state material facts necessary in order to make the statements made about Spire Global and its business operations and future prospects in light of the circumstances under which they were made, not misleading, as set forth more particularly herein, and engaged in transactions, practices and a course of business which operated as a fraud and deceit upon the purchasers of the Company's securities during the Class Period.

71. Each of the Individual Defendants' primary liability and controlling person liability arises from the following facts: (i) the Individual Defendants were high-level executives and/or directors at the Company during the Class Period and members of the Company's management team or had control thereof; (ii) each of these Defendants, by virtue of their responsibilities and activities as a senior officer and/or director of the Company, was privy to and participated in the creation, development and reporting of the Company's internal budgets, plans, projections and/or reports; (iii) each of these Defendants enjoyed significant personal contact and familiarity with the other Defendants and was advised of, and had access to, other members of the Company's management team, internal reports and other data and information about the Company's finances, operations, and sales at all relevant times; and (iv) each of these Defendants was aware of the

Company's dissemination of information to the investing public which they knew and/or recklessly disregarded was materially false and misleading.

72.     Defendants had actual knowledge of the misrepresentations and/or omissions of material facts set forth herein, or acted with reckless disregard for the truth in that they failed to ascertain and to disclose such facts, even though such facts were available to them. Such defendants' material misrepresentations and/or omissions were done knowingly or recklessly and for the purpose and effect of concealing Spire Global's financial well-being and prospects from the investing public and supporting the artificially inflated price of its securities. As demonstrated by Defendants' overstatements and/or misstatements of the Company's business, operations, financial well-being, and prospects throughout the Class Period, Defendants, if they did not have actual knowledge of the misrepresentations and/or omissions alleged, were reckless in failing to obtain such knowledge by deliberately refraining from taking those steps necessary to discover whether those statements were false or misleading.

73.     As a result of the dissemination of the materially false and/or misleading information and/or failure to disclose material facts, as set forth above, the market price of Spire Global's securities was artificially inflated during the Class Period. In ignorance of the fact that market prices of the Company's securities were artificially inflated, and relying directly or indirectly on the false and misleading statements made by Defendants, or upon the integrity of the market in which the securities trades, and/or in the absence of material adverse information that was known to or recklessly disregarded by Defendants, but not disclosed in public statements by Defendants during the Class Period, Plaintiff and the other members of the Class acquired Spire Global's securities during the Class Period at artificially high prices and were damaged thereby.

74.     At the time of said misrepresentations and/or omissions, Plaintiff and other members of the Class were ignorant of their falsity, and believed them to be true. Had Plaintiff and the other members of the Class and the marketplace known the truth regarding the problems that Spire Global was experiencing, which were not disclosed by Defendants, Plaintiff and other members of the Class would not have purchased or otherwise acquired their Spire Global securities, or, if they had acquired such securities during the Class Period, they would not have done so at the artificially inflated prices which they paid.

75.     By virtue of the foregoing, Defendants violated Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder.

76.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and the other members of the Class suffered damages in connection with their respective purchases and sales of the Company's securities during the Class Period.

## SECOND CLAIM FOR RELIEF

### Violation of Section 20(a) of The Exchange Act
### Against the Individual Defendants

77.     Plaintiff repeats and re-alleges each and every allegation contained above as if fully set forth herein.

78.     Individual Defendants acted as controlling persons of Spire Global within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their high-level positions and their ownership and contractual rights, participation in, and/or awareness of the Company's operations and intimate knowledge of the false financial statements filed by the Company with the SEC and disseminated to the investing public, Individual Defendants had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which

Plaintiff contends are false and misleading. Individual Defendants were provided with or had unlimited access to copies of the Company's reports, press releases, public filings, and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

79.     In particular, Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company and, therefore, had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same.

80.     As set forth above, Spire Global and Individual Defendants each violated Section 10(b) and Rule 10b-5 by their acts and omissions as alleged in this Complaint. By virtue of their position as controlling persons, Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and other members of the Class suffered damages in connection with their purchases of the Company's securities during the Class Period.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

A.     Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

B.     Awarding compensatory damages in favor of Plaintiff and the other Class members against all defendants, jointly and severally, for all damages sustained as a result of Defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

C.     Awarding Plaintiff and the Class their reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

D.     Such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

Dated October 14, 2024                    **HIRSCHLER FLEISCHER, PC**

                                          By:    */s/ Wayne G. Travell*
                                          Wayne G. Travell (Bar No. 22400)
                                          Allison P. Klena (Bar No. 96400)
                                          1676 International Drive, Suite 1350
                                          Tysons, VA 22102
                                          Telephone: (703) 584-8903
                                          Facsimile: (703) 584-8901

                                          *Liaison Counsel for Plaintiff*

                                          Lucas E. Gilmore*, pro hac vice application
                                          forthcoming* (Cal. Bar No. 250893)
                                          **HAGENS BERMAN SOBOL SHAPIRO LLP**
                                          715 Hearst Avenue, Suite 300
                                          Berkeley, CA 94710
                                          Telephone: (510) 725-3000
                                          Facsimile: (510) 725-3001
                                          Email: reed@hbsslaw.com
                                                 lucasghbsslaw.com

                                          *Attorneys for Plaintiff*

-27-

## CERTIFICATION PURSUANT TO FEDERAL SECURITIES LAW

I, Kohei Tagawa, duly certify and say, as to the claims asserted under the federal securities laws, that:

1.      I have reviewed the complaint and authorized its filing.

2.      I did not acquire the security that is the subject of this action at the direction of Plaintiff's counsel or in order to participate in this private action.

3.      I am willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary.

4.      My transaction(s) in Spire Global, Inc. which are the subject of this litigation during the class period set forth in the complaint are set forth in the chart attached hereto.

5.      Within the last three years, I have not sought to serve or served as a class representative in any federal securities fraud case except in this Action.

6.      I will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiff's pro rata share of any recovery, except as ordered or approved by the court, including any award for reasonable costs and expenses (including lost wages) directly relating to the representation of the class.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this ___11th___ day of October, 2024.

Signed by:

*Kohei Tagawa*

54EE310DB3FC470...

Kohei Tagawa

**Kohei Tagawa - Spire Global, Inc. (SPIR) Transactions**
**Class Period 05/11/22 - 08/27/24**

| **P U R C H A S E S** | | | | | **S A L E S** | | | |
| Date ** | Shares | Share Price | | | Date ** | Shares | Share Price | |
|---|---|---|---|---|---|---|---|---|
| 08/23/22 | 3,000 | $1.3573 | * | | 08/26/22 | 3,000 | $1.3836 | * |
| 09/02/22 | 5,000 | $1.3180 | * | | 09/27/23 | 173 | $4.9700 | |
| 09/05/22 | 80,000 | $1.3700 | * | | 07/08/24 | 2,359 | $10.5000 | |
| 10/13/22 | 3,500 | $1.0100 | * | | 07/11/24 | 5,000 | $10.8919 | |
| 09/28/23 | 500 | $5.0000 | | | 07/12/24 | 1,000 | $11.1906 | |
| 09/29/23 | 1,000 | $5.0000 | | | 07/12/24 | 1,000 | $11.1522 | |
| 10/10/23 | 970 | $4.1461 | | | 08/16/24 | 1,000 | $6.4000 | |
| 08/07/24 | 1,000 | $10.9900 | | | 08/16/24 | 12,000 | $6.4000 | |
| 08/08/24 | 1,000 | $10.2854 | | | | | | |
| 08/08/24 | 1,000 | $9.8000 | | | | | | |
| 08/08/24 | 1,000 | $9.8000 | | | | | | |
| 08/09/24 | 5,000 | $10.1200 | | | | | | |

\* Not adjusted for 1:8 reverse stock split on August 31, 2023.
\*\* Trade dates are according to Plaintiff's time zone, JST.